IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| THOMAS PERAKSLIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-1111-GPM |
| | ) | |
| 3M CO., f/k/a Minnesota Mining & Manufacturing Co., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, which comes to the Court on removal from state court, is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). In this case Plaintiff Thomas Perakslis seeks damages for lung cancer that he contracted allegedly as a result of exposure to asbestos during his employment as a sheet metal worker at the General Dynamics Shipyard in Quincy, Maine, from 1967 until 1973. This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and Defendant Rockwell Automation, Inc. ("Rockwell"), f/k/a Rockwell International, which is sued individually and as successor by merger

to Allen Bradley Co. and as successor in interest to Reliance Electric, has removed the case to this Court.[1] Federal subject matter jurisdiction is alleged on the basis of 28 U.S.C. § 1442, the so-called "federal officer" removal statute.

Pursuant to 28 U.S.C. § 1442, a defendant may remove "[a] civil action . . . commenced in a State court . . . against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or

---

1. It appears that, in addition to 3M Co. ("3M") and Rockwell, the other Defendants in this case are: Air & Liquid Systems Corp., as successor by merger to Buffalo Pumps, Inc.; Alfa Laval, Inc., individually and as successor to Sharples, Inc., Alfa-Laval Separation, Inc., and De Laval Separator Co.; Aurora Pump Co.; Carborundum Co.; Carrier Corp.; CBS Corp., successor by merger to Viacom, Inc., f/k/a Westinghouse Electric Corp. (individually and as successor to B.F. Sturtevant Co.); Certainteed Corp., as owner and successor in interest to Bird Corp., f/k/a Bird & Son, Inc.; Copes-Vulcan, Inc.; Cooper Industries, LLC, f/k/a Cooper Industries, Inc., f/k/a Cooper-Bessemer Corp.; Crane Co., individually and as successor in interest to Cochrane, Inc., a/k/a Jenkins Valves, Inc., a/k/a Pacific Pump, Inc., and successor to Chapman Valve Manufacturing Co. and Weinman Pump Co.; Crown, Cork & Seal Co.; Dover Corp., Blackmer Pump Division; Duro Dyne Corp.; Eaton Corp., as successor in interest to Cuter Hammer Inc., n/k/a Eaton Electrical Co.; Elliott Turbomachinery Co.; Engelhard Corp.; Flowserve Corp., f/k/a Aldrich Pump Co., as successor in interest to Durco International and Byron Jackson Pumps; Flowserve US, Inc., as successor in interest to Rockwell Manufacturing; Edward Valves Inc.; Edward Vogt Value Co.; FMC Corp., f/k/a Northern Pump Co., individually and on behalf of its former division Peerless Pumps; Foster Wheeler Energy Corp., f/k/a Foster Wheeler Corp.; Gardner Denver, Inc.; General Electric Co.; Georgia-Pacific, LLC, individually and as successor in interest to Bestwall Gypsum Co.; Goulds Pumps, Inc.; Honeywell International, Inc., individually and as successor in interest to Allied Chemical, Inc., f/k/a Bendix Corp.; Imo Industries, Inc., individually and as successor in interest to Delaval Turbine, Inc., and C.H. Wheeler; Ingersoll-Rand Co., individually and as successor in interest to Aldrich Pump Co., Trane US, Inc., and Terry Steam Turbine Co.; ITT Corp., f/k/a ITT Industries, Inc.; John Crane, Inc., individually and by merger with John Crane-Houdaille, Inc., and as successor in interest to Crane Packing Co.; Kaiser Gypsum Co.; Metropolitan Life Insurance Co.; Rapid American Corp.; Schneider Electric USA, Inc., f/k/a Square D Co.; Schutte & Koerting Acquisition Co., individually and as successor in interest to Schutte and Koerting Co.; Tecumseh Products Co.; Timken Gears & Services, Inc., individually and successor in interest to Philadelphia Gear; Tyco International (US), Inc., for Tyco Valves & Controls, a unit of Tyco Flow Control, as successor to Yarway Corp., J.E. Lonergan Grinnell Corp., and Kunkle Valve; Union Carbide Corp.; Warren Pumps, LLC, individually and as successor to Quimby Pump Co.; and Yarway Corp., individually and as successor in interest to Yarnell Waring Co.

individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal as a person acting under a federal officer, Rockwell must prove three elements: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Mr. Perakslis's claim and the acts Rockwell allegedly performed under the direction of a federal officer; and (3) Rockwell has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129 (1989); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007). Removal pursuant to Section 1442 does not require Rockwell to notify or obtain the consent of any other Defendant in this case in order to remove the entire case to federal court. *See Vickroy v. A.W. Chesterton, Inc.*, Civil No. 11-531-GPM, 2011 WL 4529467, at *1 (S.D. Ill. Sept. 28, 2011). As the proponent of removal, however, Rockwell "bears the burden of establishing federal jurisdiction," and "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

Rockwell claims that it is entitled to invoke federal officer jurisdiction because Mr. Perakslis's alleged exposure to asbestos occurred while he was working in a shipyard building vessels for the United States Navy ("USN") for which Rockwell or its predecessor-in-interest supplied equipment. There is no question, of course, that Rockwell is a "person" for purposes of the first prong of the test of federal officer jurisdiction. *See Glein v. Boeing Co.*, Civil No. 10-452-GPM, 2010 WL 2608284, at *2 (S.D. Ill. June 25, 2010) (a corporation is a "person" within the meaning of 28 U.S.C. § 1442). With respect to the second and third prongs of

the test, Rockwell claims that in designing equipment for USN vessels, the company acted under the direction of the USN and that the company is entitled to assert the so-called "government contractor defense" or "military contractor defense." That defense provides generally, of course, that a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if: (1) the United States approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). To establish the second prong of the test of federal officer jurisdiction with respect to Mr. Perakslis's claim of negligence against Rockwell based on Rockwell's alleged failure to warn of the asbestos contained in the products the company furnished to the USN, Rockwell must produce evidence that the USN prevented the company from complying with its duty to warn under state law. *See Rinier v. A.W. Chesterton, Inc.*, Civil No. 09-1068-GPM, 2010 WL 289194, at *2 (S.D. Ill. Jan. 19, 2010). Similarly, to establish the first prong of the government contractor defense, Rockwell must show that the USN approved specific warnings that precluded Rockwell from complying with its state-law duty to warn. *See Gragg v. Alfa Laval, Inc.*, Civil No. 09-773-GPM, 2009 WL 4110389, at *3 (S.D. Ill. Nov. 20, 2009).[2]

---

2. "The second prong of the test of federal officer jurisdiction and the first prong of the government contractor defense are very similar, obviously, and they tend to merge in the analysis of a claim of federal officer jurisdiction." *Sublett v. Air & Liquid Sys. Corp.*, Civil No. 11-433-GPM, 2011 WL 2672339, at *1 n.2 (S.D. Ill. June 30, 2011) (citing *Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135, 147-48 & n.11 (D. Mass. 2007)).

Rockwell's papers in support of removal, including the affidavit of Thomas F. McCaffery, a retired Commander in the USN, demonstrate that Rockwell or its predecessor-in interest were subject to very extensive supervision by the USN in designing and manufacturing equipment for military vessels. However, extensive governmental supervision, without more, is insufficient to establish federal officer jurisdiction. "[P]recedent and statutory purposes make clear that the private person's 'acting under' must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007) (citing *Davis v. South Carolina*, 107 U.S. (17 Otto) 597, 600 (1883)) (emphasis omitted). However, "acting under" requires more than simply complying with laws or regulatory orders. Thus, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id*. at 153. Most importantly, Rockwell has adduced no evidence that the USN prevented Rockwell from furnishing appropriate warnings about asbestos contained in equipment that Rockwell designed and manufactured for the USN. However, to show a causal nexus between Mr. Perakslis's claims and acts that Rockwell allegedly took at the direction of a federal officer, Rockwell, as the removing Defendant, must "show that . . . the federal officer really did 'make [Rockwell] do it[.]'" *Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at *7 (S.D. Ill. Oct. 3, 2007) (quoting *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 664 (E.D. Tex. 1999)). Finally, the Court is mindful that, "[b]ecause federal officer removal is rooted in 'an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit,' although such jurisdiction is read 'expansively' in suits involving federal

officials, it is read narrowly where, as in this instance, only the liability of a private company purportedly acting at the direction of a federal officer is at issue." *Clayton v. Cerro Flow Prods., Inc.*, Civil No. 09-550-GPM, 2010 WL 55675, at *3 (S.D. Ill. Jan. 4, 2010) (quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1150, 1152 n.6 (D. Colo. 2002)). Additionally, "[a]t this juncture, . . . the Court is required to resolve all doubts in favor of remand, and to construe the factual record in this case most strongly against removal." *Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at *4 (S.D. Ill. Mar. 28, 2008). This action is due to be remanded to state court.

To conclude, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. The Clerk of Court is directed to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: January 13, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge